UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 19-22484-CIV-MORENO

OMAR MOHSEN IBRAHIM FOUAD,

    Plaintiff,

vs.

JACKSON MEMORIAL HOSPITAL,
JACKSON BEHAVIORAL HEALTH,
THOMAS REBULL, and JENNIFER LAURA
HOCHSTADT,

    Defendants.
_____/

## ORDER DISMISSING COMPLAINT

THIS CAUSE came before the Court upon a *sua sponte* review of the record.

On June 14, 2019, *pro se* plaintiff Omar Mohsen Ibrahim Fouad ("Plaintiff") filed a complaint against multiple defendants, including Jackson Memorial Hospital, for allegedly violating his civil rights. In specifying the civil rights allegedly violated, the Plaintiff wrote that "all of them" were. (D.E. 1). According to the Plaintiff, on August 8, 2018, he suffered physical and mental injury as a result of police brutality. The Plaintiff identifies the officer who inflicted the harm, but does not name him as a defendant. Instead, he names four others and is suing them for allegedly covering up the police brutality and depriving him of video evidence of the incident. The cover up, he writes, proves medical negligence on behalf of Jackson Memorial Hospital.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). This requirement "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*,

550 U.S. at 555 (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When considering a motion to dismiss, the court takes the plaintiff's factual allegations as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Here, because Plaintiff is proceeding *pro se*, he is entitled to a liberal construction of the complaint. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam).

Upon review of the complaint, it appears that all of Plaintiff's claims, including that Jackson Memorial Hospital attempted to "cover up the Police Brutality . . . and [it] did it deceitfully and fraudulently," do not amount to any recognized cause of action in federal court. (D.E. 1 at 4). To the extent that Plaintiff's claim for "deceit" is a claim for fraud or fraudulent misrepresentation, which it is not, Plaintiff has not pled any particularized facts supporting the claim. *See* FED. R. CIV. P. 9(b). Consequently, even under the relaxed pleading standard afforded to *pro se* litigants, *see Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005), Plaintiff fails to state a claim. The legal theories as presented are indisputably meritless against the defendants. *See Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (holding that complaint may be *sua sponte* dismissed before service of process where its legal theories are indisputably meritless).

In addition, Plaintiff's complaint is in the form of an impermissible shotgun pleading, as it appears to violate the one-claim-per-count rule. FED. R. CIV. P. 10(b). That rule requires a party to limit its claim "as far as practicable to a single set of circumstances," and that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . be stated in a separate count." *Id.* Plaintiff does neither here. *See Solar Star Sys. LLC v. Bellsouth Telecomms., Inc.*, No. 10-21105-CIV, 2011 WL 3648267, at *6 (S.D. Fla. Aug. 15, 2011); *see also City of Fort Lauderdale v. Scott*, No. 10-61122-CIV, 2011 WL 3157206, at *5 (S.D. Fla. July 26, 2011) (finding it "insufficient to entitle a claim an 'Implied Right of Action under [multiple

2

statutes]' and not specify in the claim under which particular . . . law a party is proceeding").

Accordingly, because this Court is unable to ascertain any plausible claim for relief from Plaintiff's complaint, and because Plaintiff's complaint is a shotgun pleading, the instant action is DISMISSED. Although courts "should freely give leave [to amend a pleading] when justice so requires," FED R. CIV. P. 15(a)(2), an action may be dismissed in full "if a more carefully drafted complaint could not state a claim." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1213 (11th Cir. 2001) (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)). A more carefully drafted complaint in the instant case would still not allege a recognized cause of action against any of the named defendants. Thus, the case is CLOSED and all pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 25th of June 2019.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

Omar Mohsen Ibrahim Fouad
584 NW 30th Street, Apt. 3
Miami, FL 33127
561-722-5403